UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFERY SEBASTIAN GRANDISON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>M. STAINER, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | | CASE NO.   1:11-cv-01506-LJO-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 4)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.　PROCEDURAL HISTORY**

On August 31, 2011, Plaintiff Jeffery Sebastian Grandison, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 4.) Plaintiff's Complaint is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.     SUMMARY OF COMPLAINT

The Complaint names the following Tehachapi State Prison (Tehachapi) personnel as Defendants: (1) M. Stainer, Warden; (2) E. Stelter, Institution Classification Committee (ICC) official; and (3) CCI Pierce, 4B Counselor.

Plaintiff alleges the following:

Seventeen years ago Plaintiff was involved in a sexual misconduct incident involving a female correctional officer.  No criminal charges were filed.  At a Security Housing Unit hearing on March 30, 2011, Defendant Pierce recommended that an "R" suffix be applied

to Plaintiff's custody level solely because of the single past incident of misconduct.[1] (Compl. at 4.) Warden Stainer was present at the hearing and congratulated Defendant Pierce on his decision, stating "'I did not think you had it in you.'" (Id.)

Plaintiff's classification was reviewed at a hearing on April 28, 2011. Defendant Stelter approved the "R" suffix classification without providing Plaintiff an explanation of the justifications and in violation of the Ex Post Facto Clause. (Id.) According to California Code of Regulations, Title 15, Section 3377.1(b), the "R" suffix designation is reserved for inmates convicted of violating California Penal Code Section 290. Plaintiff has no criminal convictions for a sex offense. (Id.)

The California Department of Corrections and Rehabilitation has a system-wide security problem associated with the "R" suffix classification. Inmates with the designation are frequently the targets of "hate crimes" perpetrated by inmates and prison staff. The "R" classification is applied to all sex crimes and does not distinguish the worst offenders such as molesters or rapists. (Id. at 3.)

Plaintiff asserts that the Defendants violated his Fourteenth Amendment due process rights, the Ex Post Facto Clause, and misapplied applicable sections of the California Code of Regulations, Title 15.

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements:

---

[1] While Plaintiff acknowledges the single incident of sexual harassment, ICC documents attached to the Complaint identify multiple sex related offenses as part of Plaintiff's case factors: "Sexual Harassment/ Over Familiarity (7-22-08), Sexual Battery on a Peace Officer: Masturbation (9-14-94 & 4-08-99), & Indecent Exposure (10-04-10) . . . ." (Id. at 14.)

3

(1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself, or from an expectation or interest created by prison regulations. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such liberty interests are "generally limited to

freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). In this instance, plaintiff has alleged no facts that establish the existence of a liberty interest with respect to the assignment of the "R" suffix designation. Plaintiff can not claim any constitutional right to a particular prison classification arising directly from the Fourteenth Amendment, as inmates have no liberty interest in custody classification decisions. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). The assignment of an "R" suffix and the resulting increase in custody status simply do not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal at 830; Cooper v. Garcia, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, 1996 WL 107275, at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, 1995 WL 733675, at *1-2 (N.D. Cal. 1995).

The fact that the Defendants may have contravened a Title 15 regulation by imposing the "R" suffix classification in the absence of a sex offense conviction does not create a liberty interest. See Cooper, 55 F.Supp.2d at 1100.

While it appears that Plaintiff can not state a cognizable due process claim based

5

on receiving a "R" suffix classification, the Court will provide Plaintiff with an opportunity to amend. Should Plaintiff choose to amend, he must clearly plead facts demonstrating how the "R" suffix designation "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

### C.     Ex Post Facto Clause

The Complaint briefly states that the Defendants' decision to apply the "R" suffix violated the Ex Post Facto Clause.

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)); see also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes. Himes, 336 F.3d at 854.

Plaintiff does not include factual allegations regarding the official consequences of the "R" suffix designation but it does seem that it implicated Plaintiff's custody level and housing status. Although the designation may have resulted in less favorable conditions, the designation itself does not impose a second punishment.

"'Changes in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and denials of privileges - matters which every prisoner can anticipate are contemplated by his original sentence to prison - are necessarily functions of prison management that must be left to the broad discretion of prison administrators.'" Jones v. Murray, 962 F.2d 302, 309 (4th Cir. 1992) (quoting Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991)). "It is precisely because reasonable prison regulations, and subsequent punishment for infractions thereof, are contemplated as part of the sentence of every prisoner, that they do not constitute additional punishment and are not classified as ex post facto. Moreover, since a prisoner's original sentence does not embrace a right to one set of regulations over another, reasonable amendments, too, fall within the anticipated sentence of every inmate." Id. at 309-10; see also Gilbert v. Peters, 55 F.3d 237, 238 (7th Cir.1995) (Clause "does not prohibit every alteration in a prisoner's confinement that may work to his disadvantage").

The Complaint does not state a cognizable claim for the violation of the Ex Post Facto Clause. Plaintiff will be given an opportunity to amend. In order to state a cognizable claim, Plaintiff must clearly allege facts demonstrating that a law was applied retroactively and imposed a punishment.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible

on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed August 31, 2011;

2.  Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

8

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 24, 2012                           /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE