# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY SEBASTIAN GRANDISON, | CASE NO.    1:11-cv-01506-LJO-MJS (PC) |
| Plaintiff, | ORDER RECOMMENDING DISMISSAL WITH PREJUDICE |
| v. | (ECF No. 21) |
| M. STAINER, et al., | |
| Defendants. | PLAINTIFF'S OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |
| _____/ | |

## **SCREENING ORDER**

### I.    **PROCEDURAL HISTORY**

On August 31, 2011, Plaintiff Jeffery Sebastian Grandison, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 4.)  On May 25, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 17.) Plaintiff's First Amended Complaint (ECF No. 21) is now before the Court for screening.

///

1

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names the following individuals as Defendants: (1) M. Stainer, Warden, Tehachapi Correctional Institution (Tehachapi); (2) CCII E. Stelter, Institutional Classification Committee (ICC) Organizer; and (3) CCI Pierce, 4B Counselor.

Plaintiff alleges the following:

On September 19, 1994, Plaintiff was charged with sexual misconduct involving a female correctional officer.  (Compl. at 9, 11.)  No criminal charges were filed.  At a

Security Housing Unit hearing on March 30, 2011, Defendant Pierce recommended that an "R" suffix be applied to Plaintiff's custody level because of the single past incident of misconduct.[1] (Id. at 4.)  Warden Stainer was present at the hearing and congratulated Defendant Pierce on his decision, stating "'I did not think you had it in you.'" Plaintiff interrupted, stating that the relationship between himself and the female officer was consensual.  Defendant Stainer then indicated that the female officer at issue was his wife. Reading from the incident report, Stainer stated that his wife refused Plaintiff three times. (Id.)

Plaintiff's classification was reviewed at a hearing on April 28, 2011.  Defendant Stelter approved the "R" suffix classification without providing Plaintiff an explanation of the justifications.  (Id.)  According to California Code of Regulations, Title 15, Section 3377.1(b), the "R" suffix designation is reserved for inmates convicted of violating any one of the sex related offenses enumerated in California Penal Code Section 290.  Plaintiff has no criminal convictions for a sex offense.  (Id.) Stelter considered people as "subjects" and "was 'not indifferent' toward [Plaintiff]" during the hearing.  (Id. at 3, 4.)

The California Department of Corrections and Rehabilitation has a system-wide security problem associated with the "R" suffix classification.  Inmates with the designation are frequently the targets of "hate crimes" perpetrated by inmates and prison staff.  The "R" classification is applied to all sex crimes and does not distinguish the worst offenders such as molesters or rapists.  (Id. at 3.)  "A 'R' suffix has the discomfort of an unnecessary

---

[1]  Plaintiff characterizes the basis for the "R" suffix designation as the single incident of sexual misconduct.  However, ICC documents attached to the Complaint identify multiple sex related offenses as part of Plaintiff's case factors: "Sexual Harassment/ Over Familiarity (7-22-08), Sexual Battery on a Peace Officer: Masturbation (9-14-94 & 4-08-99), & Indecent Exposure (10-04-10) . . . ."  (Id. at 11.)

lingering threat and hardship of non-conviction restraints on [Plaintiff's] liberty." (Id.) The designation also precludes Plaintiff from being considered for lower security facilities. (Id.)

Plaintiff does not specifically identify the federal right allegedly violated by the Defendants. The initial complaint primarily alleged a violation of Plaintiff's Fourteenth Amendment due process rights. Because the factual allegations in the First Amended Complaint are substantively identical to those put forth in the original complaint, the Court will analyze the present allegations as part of a Fourteenth Amendment due process claim.

IV.   **ANALYSIS**

A.   **Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal

1    conclusions are not. Id. at 1949-50.

2        **B.    Due Process**

3        The Due Process Clause protects against the deprivation of liberty without due

4    process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to invoke the

5    protection of the Due Process Clause, a plaintiff must first establish the existence of a

6    liberty interest for which the protection is sought. Id. Liberty interests may arise from the

7    Due Process Clause itself, or from an expectation or interest created by prison regulations.

8    Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding

9    "more adverse conditions of confinement." Id.

10        Plaintiff can not claim any constitutional right to a particular prison classification

11   arising directly from the Fourteenth Amendment, as inmates have no liberty interest in

12   custody classification decisions. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.

13   1987); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).

14       The existence of a liberty interest created by prison regulations is determined by

15   focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995).

16   Such liberty interests are "generally limited to freedom from restraint which . . . imposes

17   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

18   life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Under certain

19   circumstances, labeling a prisoner with a particular classification may implicate a liberty

20   interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827

21   (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender'

22   label coupled with the subjection of the targeted inmate to a mandatory treatment program

23   whose successful completion is a precondition for parole eligibility create the kind of

deprivations of liberty that require procedural protections.").

In this instance,  Plaintiff has alleged no facts upon which the Court could conclude that a liberty interest with respect to the assignment of the "R" suffix designation could be established.  The First Amended Complaint provides no significant new factual details; Plaintiff essentially reasserts the claims put forth in the original pleading.  Plaintiff suggests the allegations that Defendant Stelter considered people as "subjects" and "was 'not indifferent' toward [Plaintiff]" during the hearing (compl. at 3, 4) are significant to his claims. Neither allegation supports a finding that the legal standard described above has been met.

Plaintiff also alleges that inmates designated with the "R" suffix are subjected to an increased risk of violence.  More specifically, Plaintiff alleges "[a] 'R' suffix has the discomfort of an unnecessary lingering threat and hardship of non-conviction restraints on [Plaintiff's] liberty."  (Compl. at 3.)  Such  allegations do not state a claim.  Even if the allegations were clear, an increased risk of harm alone is insufficient.  See Cooper v. Garcia, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999) (finding "the liberty interest at stake must be more than a mere 'sex offender' . . . classification. Rather, that classification must also be 'coupled with' some mandatory coercive treatment which affects a liberty interest, such as parole release in Neal.").  Neither the assignment of an "R" suffix or the resulting increase in custody status "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484; Neal at 830; Cooper, 55 F.Supp.2d at 1101; Johnson v. Gomez, 1996 WL 107275, at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, 1995 WL 733675, at *1-2 (N.D. Cal. 1995).

The  fact  that  the  Defendants  may  have  contravened  a  Title  15  regulation  by

6

imposing the "R" suffix classification in the absence of a sex offense conviction does not create a liberty interest.  See Cooper, 55 F.Supp.2d at 1100.

Plaintiff has failed to allege facts demonstrating that the Defendants violated his due process rights.  The Court's previous screening order instructed Plaintiff on the applicable law and gave him an opportunity to amend to meet the pleading requirements.  The fact that he has not successfully amended is reason to conclude he can not successfully amend.  No useful purpose would be served in once again advising him of the applicable standard and giving him further leave to amend.

## V.   CONCLUSION AND RECOMMENDATION

Plaintiff's First Amended Complaint does not state a cognizable claim against the named Defendants.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 30, 2012              /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

7